BOB COLLINS v. THE STATE.

No. 4085. Decided December 10, 1908.

Rehearing Denied May 19, 1909.

**1.—Theft as Bailee—Information.**
   See opinion for information for theft as bailee held to be sufficient.

**2.—Same—Value of Property.**
   Where upon trial for theft as bailee, the value of the alleged stolen property was established by circumstantial evidence, the conviction is sustained.

Appeal from the County Court of Bowie. Tried below before the Hon. Sam H. Smelser.

Appeal from a conviction of theft as bailee; penalty, a fine of $50 and thirty days confinement in the county jail.

The opinion states the case.

*Hart, Mahaffey & Thomas,* for appellant.—On question of insufficiency of information: McCarty v. State, 45 Texas Crim. Rep., 510; Smith v. State, 45 Texas Crim. Rep., 251.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of embezzlement and his punishment assessed at a fine of $50 and thirty days in jail. The charging part of the information is as follows:

"One Bob Collins having possession of a sewing machine then and there the property of Susan Simpson by virtue of his contract and agreement to turn said sewing machine over to Jim Hughes, city marshal of Texarkana, Texas, or to pay to said Hughes a fine and costs to satisfy a criminal judgment against said Susie Simpson, said contract and agreement of said Bob Collins with said Susie Simpson was violated because said Bob Collins did then and there unlawfully and without the consent of said Susie Simpson, the owner of said sewing machine, fraudulently convert said sewing machine to his, the said Bob Collins' own use and benefit and with the intent to deprive the said Susie Simpson, the said owner of the said sewing machine of the value thereof, the value of said machine being then and there of the value of twenty dollars, contrary to the statutes in such cases made and provided, and against the peace and dignity of the State."

Appellant filed a motion to quash the information on the ground that same does not charge an offense and is in the alternative. In view of the allegation in the information which says he appropriated said machine to his own use and benefit, we hold that the information is sufficient.

We notice, however, appellant insists that the statement of facts does not show proof of the value of the machine. Furthermore, it is complained of in appellant's motion for a new trial. There is evidence that the machine was sold by appellant for $5. This is sufficient proof of value in view of the fact that appellant was convicted of a misdemeanor.

The record showing no error, the judgment is affirmed.

*Affirmed.*

ON REHEARING.

May 19, 1909.

BROOKS, JUDGE.—This case was affirmed at a recent sitting of this court and now comes before us on motion for rehearing.

Appellant insists the court erred in holding the indictment in the

case was sufficient. After a careful review of the indictment we hold that same is sufficient, and while inartistically drawn, it shows that appellant was bailee of the prosecuting witness, Susie Simpson, and as such bailee he violated the terms of the bailment and sold a sewing machine and appropriated the money to his own use and benefit. We, therefore, hold that the information is sufficient.

Appellant is correct in saying the court erred in stating that appellant had been convicted of embezzlement. He was convicted, as appellant insists, of theft as a bailee.

Appellant further contends there is no evidence in this record to show the value of the machine appropriated by appellant. To this we can not agree. It is circumstantially established that it is worth something like five dollars. While it is true no witness swears to the exact value of it, one witness does swear appellant sold it for five dollars, and this is a basis for this court, in conjunction with other circumstances in the record, to assume that it had some market value.

The motion for rehearing is hereby overruled.

*Overruled.*